## Huddleston v. Rush et al.

Oct. 26, 1943.

James C. Carter, Jr., and B. L. Simpson for appellant.

W. T. Ottley and Harlan E. Judd for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Claude Rush and others, owners of a 75-acre tract of land located on Bear creek in Cumberland county, brought an action in ejectment against W. B. Huddleston, claiming that he had wrongfully taken possession of a portion of their land, had erected a barbed wire fence thereon, and had cut certain timber. They also alleged that they and those under whom they claimed had been in the adverse possession of the land described in the petition for more than 50 years. In an amended answer the defendant admitted that the barbed wire fence erected by him was on plaintiffs' land, and he offered to confess judgment in their favor to the extent of the boundary set out and described in their deed and tendered into court the sum of $3 for payment for one walnut tree which had been cut and removed by him from plaintiffs' premises. He denied that the description in plaintiffs' deed covered certain land claimed by them. After the issues were completed, an agreed order was entered, which reads in part:

"By agreement of the parties in person, and by their attorneys, it is ordered that Professor A. H. Ballard of Adair County, Kentucky, is selected as this Court's surveyor, and is hereby directed to survey the lines of the lands between plaintiffs and defendant herein by the deed of the plaintiffs and their predecessors in title, and make his report to this court on or before the 1st Monday in March, 1942. At the time said survey shall be made, the plaintiffs shall be represented by William Allen of Burkesville, Kentucky, and the defendant shall be represented by Hobart Gibson of Clinton County, Kentucky, which surveyors shall acquaint Mr. Ballard with the location of the various lines, corners, etc., but the ruling of Mr. Ballard shall be final.. * * *

"The surveyor, Mr. Ballard, shall be permitted to examine witnesses as to the location of the various lines and natural objects, and his report shall be filed and confirmed by this court at the next term thereof."

The line between plaintiffs' and defendant's lands, which the special commissioner was directed to survey and locate, extended from a hickory on top of a ridge to a pin oak on the bank of Bear creek. The locations of the hickory and pin oak were not in dispute. The calls for this line in the deeds under which the plaintiffs claimed, beginning at the hickory on the ridge, are: "Thence with the meanders of said ridge S 89 W 26 poles to an ash sapling thence N 34 W 25 poles to a chestnut oak, thence N 53½ W 38 poles to a pin oak on the bank of Bear Creek."

At the succeeding term of the Cumberland circuit court A. H. Ballard filed his report. He found that the division line ran with the meanders of the ridge with an old wire fence. The pertinent part of his report reads:

"Your commissioner is of the opinion that the division line between the lands of the Plaintiff, Claude Rush, and the defendant W. B. Huddleston should run with the meanders of the ridge. This opinion is based on a survey of the terrain over which the line runs, his experience as a surveyor and the rules of surveying. That the meanders of the ridge has been considered the division line for many years is evidenced by the testimony of witnesses and the location of an old wire fence from the hickory on a ridge to where a pin oak formerly stood on the bank of Bear Creek at the foot of the point of the ridge.

"Your Commissioner finds and so reports that the division line between the lands of the Plaintiff, Claude Rush, and the defendant, W. B. Huddleston, runs with the meanders of the ridge, with the old wire fence according to the survey of W. M. Allen."

The defendant excepted to the report principally upon the ground that the special commissioner, A. H. Ballard, did not comply with the agreed order in that he did not survey the lines between the lands of plaintiffs and defendant by the calls of the deed of the plaintiffs and their predecessors in title. Proof was heard on the exceptions, the exceptions were overruled, and the line described in the special commissioner's report was adjudged to be the true dividing line between plaintiffs' and defendant's lands. The defendant has appealed.

A. H. Ballard was introduced as a witness, and explained how the line was surveyed and how he reached his conclusions. Each call in plaintiffs' deed was from a point on the ridge to a fixed object also on the ridge, but if the courses and distances were followed the line would not follow the meanders of the ridge. That was particularly true of the first call which was from the hickory on the top of the ridge S 89 W 26 poles to an ash sapling. The sapling was on top of the ridge, but the line runs across the head of a hollow and doesn't follow the meanders of the ridge but does reach a point on the ridge where a line following the ridge would pass. The call in the deed, however, says "with the meanders of said ridge." It is a matter of common knowledge that surveyors in running a line that follows the meanders of a stream or a ridge run straight lines from one point to another for the purpose of platting the land surveyed. In the present case the deeds upon which both appellant and appellees rely describe the dividing line as following the meanders of the ridge, and locations of certain natural objects in that line are fixed by the courses and distances set out in the deeds. We think the special commissioner complied with the agreed order and reached the correct conclusion, and that the ridge is the dividing line between the lands of appellant and appellees.

Judgment affirmed.